HON. GEORGE E. SCHAEFER, JR. City Attorney, Batavia
This is in reply to your letter of January 26, 1976, inquiring whether the City of Batavia must pay a disabled police officer a 7.8% cost of living increase negotiated pursuant to a collective bargaining agreement for the year 1976.
General Municipal Law, § 207-c(1), reads, in part, as follows:
 "§ 207-c. Payment of salary, wages, medical and hospital expenses of policemen with injuries or illness incurred in the performance of duties
 "1. Any member of a police force of any county, city of less than one million population, town or village, or of any district, agency, board, body or commission thereof, who is injured in the performance of his duties or who is taken sick as a result of the performance of his duties so as to necessitate medical or other lawful remedial treatment shall be paid by the municipality by which he is employed the full amount of his regular salary or wages until his disability arising therefrom has ceased, and, in addition such municipality shall be liable for all medical treatment and hospital care necessitated by reason of such injury or illness. * * *"
In our telephone conversation of February 5, 1976, you further stated that the disabled policeman in question is unable to carry out light police duties pursuant to subdivision 3 of this section, and may not be transferred to another local agency or department pursuant to subdivision 4 thereof. Further, this police officer has applied for accidental disability retirement pursuant to Retirement and Social Security Law, § 363. His application was denied.
The language of General Municipal Law, § 207-a, governing the payment of salaries to disabled firemen is identical to that of General Municipal Law, § 207-c(1), and requires that the full amount of regular salary or wages be paid until the disability has ceased. Payments include raises accruing subsequent to the disability (Birmingham v. Mirrington, 284 App. Div. 721
[1954]; Barber v. Lupton, 282 App. Div. 1008, affd. 307 N.Y. 770).
However, General Municipal Law, § 207-c(5), provides:
 "5. If such a policeman is not eligible for or is not granted an accidental disability retirement allowance or similar accidental disability pension, he shall not be entitled to further payment of the full amount of regular salary or wages, as provided by subdivision one of this section, after he shall have attained the mandatory service retirement age applicable to him or shall have attained the age or performed the period of service specified by applicable law for the termination of his service. * * *"
Hence, the police officer in question when reaching mandatory retirement age, will no longer be entitled to the full amount of his regular salary or wages.
For your further information, we are enclosing a copy of an opinion, 1963 Atty. Gen. 111, which construes General Municipal Law, § 207-a, in the light of pertinent decisional law.
In summary, therefore, so long as the policeman in question remains disabled, has not retired and has not reached mandatory retirement age, it is our opinion that he should be paid his full salary and wages which must reflect any raises or salary adjustments effective during the period of his disability.